[Cite as *U.S. Bank v. Marks*, 2017-Ohio-5625.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Merrill Lynch First Franklin
Mortgage Loan Trust, Mortgage Loan
Asset-Backed Certificates, Series 2007-4

    Appellee

    v.

ROGER D. MARKS, et al.

    Appellants

C.A. No.     28305

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014-11-5258

DECISION AND JOURNAL ENTRY

Dated: June 30, 2017

HENSAL, Presiding Judge.

{¶1} Roger and Kathi Marks appeal a judgment of the Summit County Court of Common Pleas that granted summary judgment to U.S. Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-4 on its complaint for foreclosure. For the following reasons, this Court reverses.

I.

{¶2} The Markses filed for bankruptcy in 2005 after two businesses that Mr. Marks owned failed. At the time, the Markses had multiple mortgages on a property in Akron. While the bankruptcy case was pending, Mr. Marks received a loan from First Franklin Financial Corp., which allowed him to pay off the existing loans on the property. He also executed a new mortgage on it. Although Mrs. Marks was listed as a borrower on the first page of the new

mortgage, she signed it as a non-borrower, above a notation that indicated she was "[s]igning for the purpose of waving any and all Homestead Rights and/or any and all dower or curtesy rights[.]" First Franklin assigned the mortgage to U.S. Bank, in its role of trustee, in 2009. Mr. Marks and First Franklin entered into a modification of the note in 2010.

{¶3} In November 2014, U.S. Bank filed a foreclosure action against the Markses, alleging that Mr. Marks had defaulted on the note. Following discovery, U.S. Bank moved for summary judgment. In its motion, U.S. Bank argued that, despite the limiting language below Mrs. Marks's signature on the mortgage, the foreclosure should apply to the Markses' whole interest in the parcel under theories of unjust enrichment, constructive trust, resulting trust, and equitable subrogation. It also asked for the mortgage to be reformed, which it had requested in its complaint. The trial court granted summary judgment to U.S. Bank over the Markses' opposition, concluding that the mortgage attached to both of the Markses' fee interest in the property "for the reasons stated in [U.S. Bank's] Motion for Summary Judgment." The Markses have appealed, assigning as error that the trial court incorrectly granted the motion for summary judgment.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT OF FORECLOSURE IN FAVOR OF THE MOVING BANK AND AGAINST A CO-OWNER'S UNDIVIDED ONE-HALF INTEREST WHERE THE CO-OWNER NEVER SIGNED THE NOTE, SIGNED THE MORTGAGE AS TO DOWER INTEREST ONLY, AND DID NOT PARTICIPATE IN A RE-FINANCING AND IN A LATER LOAN MODIFICATION. IN THESE CIRCUMSTANCES THERE WERE GENUINE ISSUES OF MATERIAL FACT AND THE MOVANT BANK FAILED TO SHOW ENTITLEMENT TO SUMMARY JUDGMENT AS A MATTER OF LAW.

{¶4} The Markses argue that the trial court incorrectly granted summary judgment to U.S. Bank. Although they do not contest that the note was in default or that U.S. Bank can

foreclose on Mr. Marks's interest in the Akron property, they argue that the trial court incorrectly concluded that Mrs. Marks's entire undivided interest in the property was subject to the mortgage. They contend that she did not sign the mortgage as a borrower and only to waive her homestead and dower rights in the property. According to the Markses, Mrs. Marks was not mistaken about what she was signing. If there was a mistake in how the document was prepared, it was First Franklin's alone, which had drafted the document.

{¶5} Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} In its motion for summary judgment, U.S. Bank argued that the language below Mrs. Marks's signature was "mistakenly written * * * on the mortgage." It presented no direct evidence, however, to support its assertion, such as testimony from a First Franklin representative with personal knowledge of the transaction. Instead, U.S. Bank argued that the "totality of the circumstances" established that the language beneath the signature was "due to a scrivener's error and mutual mistake of the parties." Specifically, it pointed to the fact that the

Markses executed the First Franklin mortgage while they were in bankruptcy, and that the new mortgage prevented the foreclosure of the Akron property. U.S. Bank argued that it was "impossible" to believe that the bankruptcy trustee would allow Mrs. Marks to obtain a free and clear half interest in a property worth $455,000 when the bankruptcy case discharged over a million dollars in unsecured debt.

{¶7} According to the documents U.S. Bank attached to its motion for summary judgment, the refinancing allowed the Markses to pay the first mortgage on their Akron property in full, the second mortgage in full, and the secured parts of their third and fourth mortgages. The documents also indicate that the Markses' bankruptcy lawyer sent a copy of their Motion and Notice to Refinance Real Estate Mortgage to the bankruptcy trustee and all of the Markses' creditors. There is no evidence in the record that the trustee or any of the creditors raised any concerns about the refinancing of the Akron property.

{¶8} The fact that U.S. Bank would have drafted the First Franklin mortgage differently does not mean that the mortgage does not reflect the intent of First Franklin and the Markses at the time of its signing. Viewing the evidence in a light most favorable to the Markses, we conclude that U.S. Bank failed to demonstrate that there are no genuine issues of material fact that remain to be litigated and that it is entitled to judgment as a matter of law.

{¶9} Regarding U.S. Bank's claims of unjust enrichment, constructive, trust, resulting trust, and equitable subrogation, we note that they rely on the assumption that the language beneath Mrs. Marks's signature on the mortgage is a mistake. In addition, we note that the Markses did not directly enter into a contractual relationship with the trust U.S. Bank administers. The assignment of mortgage that transferred First Franklin's rights under the mortgage to the trust indicates that First Franklin "for value received has granted, bargained,

sold, assigned, transferred and set over [the mortgage] unto" the trust. There is no evidence in the record that indicates that the Markses misrepresented the terms of the mortgage to U.S. Bank or the trust, or that U.S. Bank or the trust had any involvement in the refinancing.

{¶10} Upon review of the record, we conclude that the trial court failed to view the evidence in a light most favorable to the Markses and incorrectly granted summary judgment to U.S. Bank. The Markses' assignment of error is sustained.

### III.

{¶11} The Markses' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellants.

BRADLEY P. TOMAN, Attorney at Law, for Appellee.